IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) Criminal Action No. 15-00120-KD |
| SCOTT WAYNE BEUK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion requesting a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and documents in support filed by Defendant Scott Wayne Beuk (doc. 28, docs. 28-1 through 28-6, doc. 29 (letter from his mother). Upon consideration, and for the reasons set forth herein, the motion is DISMISSED for lack of jurisdiction as to Beuk's claims regarding the calculation of jail credit and denial of participation in the Residential Drug Abuse Program and DENIED as to his claim based upon Covid-19.

I. Background

Beuk pled guilty and was convicted of the offense of felon in possession of a firearm. In November 2015, he was sentenced to a term of 110 months, to "run concurrently with Circuit Court Case Number CC 11-3420 in Mobile, Alabama" (doc. 25). According to Beuk, he was sentenced to 20 years by the State of Alabama to serve concurrent with his federal sentence (doc. 28). Also, the State has filed a detainer with the Federal Bureau of Prisons (doc. 28-6).

Beuk is now 37 years old. He is incarcerated at USP Atwater in Atwater, California. His scheduled release date is February 10, 2024 (doc. 28-4). According to the Bureau of Prisons, at present, no inmates or staff members are positive for Covid 19, no inmate or staff member has

died, and 401 inmates and 120 staff members have recovered. https://www.bop.gov/coronavirus/ (last visited July 25, 2022).

II. Analysis

Beuk moves the Court to either reduce his sentence by the 383 days jail credit to which he is entitled or sentence him to time served and release him to state custody to begin serving his state sentence. As grounds, he states that extraordinary and compelling circumstances exist because the BOP incorrectly calculated his jail credit and improperly refused to allow him to participate in the Residential Drug Abuse Program (RDAP).[1]  As additional grounds, Beuk states that he was diagnosed with Covid 19 in April 2022 (doc. 28, p. 3).

To obtain a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that Policy Statement U.S.S.G. § 1B1.13 applies to motions pursuant to 18 U.S.C. § 3582(c)(1)(A).  United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)").

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A)(i). Specifically, a terminal illness or a serious condition or impairment, or age-related deterioration of health which substantially limits an inmates' ability to provide self-care while incarcerated; advanced age (at least 64 years old) and

---

[1] Successful completion of residential substance abuse treatment may result in a credit of not "more than one year from the term the prisoner must otherwise serve." 18 U.S.C. 3621(e)(2)(B). According to the response to Beuk's request to participate in RDAP, the staff member responded: ". . . Sentry records show an active detainer, which is why you were found unqualified for RDAP at your other institution. Until it's cleared you cannot be transferred for RDAP. [Designation and Sentence Computation Center] won't allow it." (doc. 28-6).

serious deterioration of physical or mental health; certain family circumstances involving the death or incapacity of the defendant's spouse or minor children; and an extraordinary and compelling reason other than, or in combination with the above, as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*.

Since Congress specifically stated that release or reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the Policy Statement, this Court is without authority to disregard its plain language. Thus, compassionate release or reduction of sentence based upon two of the circumstances Beuk presents – a dispute regarding the calculation of his jail credit and a dispute regarding his participation in RDAP - would not be consistent with Policy Statement § 1B1.13. Even if the Court considered Beuk's third circumstance, contracting Covid 19, as an extraordinary and compelling reason "other than" those identified in Application Note 1(A)-(C), the Program Statement 5050.50 indicates that the Director of the BOP has not determined that contracting Covid 19, standing alone, or even in combination with the disputes regarding jail credit and participation in RDAP, would be an extraordinary and compelling reason for compassionate release. Accordingly, Beuk's motion for reduction of sentence based on contracting Covid 19 is denied.[2]

---

[2] Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may consider Beuk's motion for reduction of sentence if certain procedural requirements have occurred. Specifically, 1) the Warden must receive a request to file a motion for compassionate release on his behalf, and then, after a lapse of 30 days from receipt by the Warden, the inmate may file a motion with the Court; or 2) the inmate may exhaust their administrative remedies with the BOP if the Warden denies the request. Here, Beuk made a request to the Warden on February 23, 2022 (doc. 28-3) and his request was denied on March 14, 2022 (doc. 28-4). On April 4, 2022, more than 30 days after the Warden's receipt of his request, Beuk filed the instant motion.
   The Court also notes that the Warden denied Beuk's request upon finding that Beuk's "release would pose a danger to the safety of other or the community" (doc. 28-4).

With respect to Beuk's request that the Court award 383 days of jail credit, decisions regarding credit for time spent in custody are made by the BOP, not the sentencing court. 18 U.S.C. § 3585(b). United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted).

However, Beuk is not without recourse. He provided a copy of the Warden's response stating that Beuk's credit had been certified as correct by the Designations & Sentence Computation Center (doc. 28-4). Thus, Beuk may challenge this decision by pursuing a "claim through the Bureau's Administrative Remedy Program," United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq). If dissatisfied with the result, he may file a petition pursuant to 28 U.S.C. § 2241.[3]  However, to the extent that Beuk's motion could be construed as a § 2241 petition, it must be filed "in the district court for the district in which" Beuk is incarcerated.  Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Since Beuk is incarcerated in Atwater, California, and not in the Southern District of Alabama, this Court would not have jurisdiction to consider Beuk's § 2241 petition. Accordingly, Beuk's claim regarding the incorrect computation of his jail credit is dismissed for lack of jurisdiction.

With respect to Beuk's claim that he was improperly denied participation in the RDAP program, the BOP has the authority to decide whether to place Beuk in the RDAP program and to reduce his sentence upon successful completion, not this Court. 18 U.S.C. § 3621(b) ("The

---

[3] In this circuit, failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015). The Court of Appeals for the Eleventh Circuit has found that the exhaustion requirement is still a requirement for filing a § 2241 petition and that the district courts cannot disregard the lack of exhaustion if the respondent properly asserts the defense. 785 F.3d at 475.

Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); 18 U.S.C § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.")

The statute also provides that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b).  This provision has been interpreted to limit review by federal district courts to only "a constitutional claim related to the BOP's administration of § 3621." Calderon v. Bradley, 2019 WL 5488571, at *4 (N.D. Ala. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 5453905 (N.D. Ala. Oct. 24, 2019) (citing Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000) (finding that "the BOP's refusal to consider reducing Cook's sentence" because his 18 U.S.C. § 922(g) conviction made him ineligible for a reduction under 18 U.S.C. § 3621(e)(2)(B), "did not violate either the Due Process or Equal Protection Clause.")).  Moreover, even if Beuk's claim could be construed as a constitutional challenge to the BOP's decision, his § 2241 petition must be brought in the district where he is incarcerated.  Accordingly, Beuk's claim regarding the denial of placement in the RDAP program is dismissed for lack of jurisdiction.

**DONE** and **ORDERED** this 28th day of July 2022.

>           **s / Kristi K. DuBose**
>           **KRISTI K. DuBOSE**
>           **UNITED STATES DISTRICT JUDGE**