IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal Action No. 15-00120-KD-C |
| | ) |
| SCOTT WAYNE BEUK, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Scott Wayne Beuk's "Motion to Correct or Modify Sentence pursuant to Alabama/Federal Sentencing Laws" (doc. 31). Upon consideration and for the reasons set forth herein, the motion is dismissed in part for lack of jurisdiction and otherwise denied.

I. Background

Beuk pled guilty to the offense of felon in possession of a firearm (doc. 1, doc. 17). On November 20, 2015, he was sentenced as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of One Hundred Ten (110) months; said term to run concurrently with Circuit Court case number cc-11-3420 in Mobile, Alabama. The Court designates the state facility as the place where the defendant will serve his federal sentence.

(Doc. 25). In a prior document, Beuk stated that he was sentenced to 20 years by the State of Alabama to serve concurrent with his federal sentence (doc. 28). At present, the State of Alabama has a detainer against Beuk for charges pending in a probation violation, and for offenses of burglary 3rd degree, breaking and entering a vehicle, and robbery 1st degree. The detainer information indicates a sentence of 20 years but does not indicate whether the sentence is concurrent with the federal sentence (doc. 31, p. 6).

The BOP's most recent computation of sentence and credit dated September 21, 2022,

indicates that time from 11-30-14 to 12-17-15, or 383 days was removed because Beuk "did not qualify for Willis/Kayfez credit" (doc. 31, p. 5).[1]

II. Analysis

Beuk seeks a 383-day reduction of his sentence. He points out that when the Bureau of Prisons computed his sentence in 2021, he was given credit against his federal sentence for 383 days, which resulted in a release date of January 23, 2023 (doc. 31, p. 7). He also points that the BOP later changed the computation and removed the credit (Id., p. 5). As a result, his release date is now February 10, 2024. Beuk reports that the BOP withdrew the credit because he had been given credit for the 383 days against his state sentence and that the BOP informed him that its "policy … does not allow them to double count credit that was applied to another sentence." (Id., p. 2).

Beuk asks the Court to review his sentence and determine whether the Court intended "that his cases were to run concurrently with each other", determine whether "he was to get credit for the time served, that he spent incarcerated and after doing so, due to the policy not allowing the Federal prison to count the credit for the 383 days" for the Court "to reduce from the front of his sentence the 383 days of credit…" (Id., p. 2-3).

Beuk raised a similar argument seeking credit for 383 days in his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 28). He argued that the denial of this credit,

---

[1] "In *Willis*, the Fifth Circuit held that a federal inmate should be accorded credit on his subsequent federal sentence for time spent in state custody due to a federal detainer that prevented the inmate from being released on bail." Minter v. FCI Talledega Warden, 2019 WL 8017874, *2 (N.D. Ala. 2019) (citing Willis v. United States, 438 F.2d 923 (5th Cir. 1971). "Pursuant to *Kayfez*, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date." Minter, 2019 WL 8017874, at *3 (citations omitted).

along with his allegation that he was improperly refused participation in the Residential Drug Abuse Program (RDAP) and was previously diagnosed with Covid 19, were extraordinary and compelling circumstances which warranted a reduction of his sentence.  The motion was denied as to his claim based upon Covid 19 and dismissed for lack of jurisdiction as to his claims regarding the computation of jail credit and denial of participation in RDAP (doc. 30).

As previously explained to Beuk, decisions regarding credit for time spent in custody are made by the BOP, not the sentencing court. United States v. Hardy, 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted); 18 U.S.C. § 3585(b).  Beuk may challenge the BOP's credit computation by pursuing a "claim through the Bureau's Administrative Remedy Program." United States v. Leverette, 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, et seq). If dissatisfied with the result, he may file a petition pursuant to 28 U.S.C. § 2241. However, his § 2241 petition, must be filed "in the district court for the district in which" he is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).  Since Beuk is incarcerated in FCI Talladega in Talladega, Alabama, which is in the Northern District of Alabama, this Court would not have jurisdiction to consider Beuk's § 2241 petition. Accordingly, Beuk's claim regarding the incorrect computation of his credit is dismissed for lack of jurisdiction.

To the extent that Beuk moves the Court to reduce his sentence by 383 days, the motion is denied. The Court did not intend to give Beuk credit for 383 days in custody and no grounds exist for modifying the sentence as he requests. See 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35 and 36.  Moreover, "[u]nder 18 U.S.C. § 3585(b), '[a] defendant shall be given credit' for time

served in official detention 'that has not been credited against another sentence.' But in United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L.Ed.2d 593 (1992), the Supreme Court held that '§ 3585(b) does not authorize a district court to compute the credit at sentencing.'" Id. at 334, 112 S. Ct. at 1354. Instead, the Attorney General, acting through the [BOP], is responsible for initially calculating credit for time served." United States v. Coates, 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citations omitted).

    **DONE** and **ORDERED** this the 12th day of January 2023.

                                    /s/ Kristi K. DuBose
                                    **KRISTI K. DuBOSE**
                                    **UNITED STATES DISTRICT JUDGE**